UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGARDO CUAHONTE CALIXTO,<br><br>         Petitioner,<br><br>    v.<br><br>TOD LYONS, et al.,<br><br>         Respondents. | Case No. 5:26-cv-01359-SRM-AYP<br><br>**ORDER REQUIRING RESPONDENTS TO RESPOND TO PETITIONER'S MOTION TO ENFORCE AND FILE BOND HEARING TRANSCRIPT [12]** |

On March 23, 2026, Petitioner Edgardo Cuahonte Calixto's ("Petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") and an *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause ("Application"). Dkts. 1, 2. In the Petition and *Ex Parte* Application, Petitioner requested the Court order Respondents to provide him with an individualized bond hearing before an immigration court or immediately release him from their custody. Dkt. 2 at 1-2.

On June 30, 2026 the Court granted Petitioner's Application for TRO and enjoined Respondents from: (1) continuing to detain Petitioner unless provided with an individualized bond hearing at which the government had the burden to prove Petitioner posed a danger or flight risk by clear and convincing evidence before an immigration court, pursuant to 8 U.S.C. § 1226(a), within seven (7) days of the Order; and (2) transferring,

-1-

relocating, or removing Petitioner from the Central District of California pending the final resolution of this action, absent further order by the Court. Dkt. 10. In addition, the Court ordered Respondents to file proof of Petitioner's individualized bond hearing or release him from detention within ten (10) days of the Court's Order. *See id.*

On July 8, 2026, Respondents filed a Notice of Compliance with the Court's June 30, 2026 Order, which includes as an attachment the Order of the Immigration Judge ("IJ"). Dkt. 11, 11-1. On July 15, 2026, Petitioner filed a Motion to Enforce the Court's June 30, 2026 Order Granting Temporary Restraining Order. Dkt. 12. In the Motion, Petitioner asserts that he was given no notice or time to prepare for his bond hearing and that the burden improperly fell on him to disprove dangerousness. *Id.* at 2-3.

Due process requires a meaningful and individualized bond determination, including a reasoned decision based on the evidence presented and a contemporaneous record sufficient for review. *Singh v. Holder*, 638 F.3d 1196, 1203-04 (9th Cir. 2011). The Court has jurisdiction to review an IJ's custody determination for abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 784-5 (9th Cir. 2024). When conducting such a review, the court may only determine whether the IJ applied the correct legal standard, not reweigh the evidence. *Id.*

Accordingly, to better assess whether the burden was placed on Petitioner at the bond hearing as represented by Petitioner, the Court ORDERS Respondents to respond to Petitioner's Motion to Enforce and provide the Court with the transcript of the bond hearing on or before Thursday, July 23, 2026.

**IT IS SO ORDERED.**

Dated: July 16, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE